(No. 77-CC-0925-)

NED MITCHELL, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 3, 1980.*

OWENS & OWENS (GERALD D. OWENS, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This cause arises out of a contract entered into between Claimant and the State of Illinois. Jurisdiction of the Court of Claims is asserted under section 8(b) of the Court of Claims Act. Ill. Rev. Stat. 1977, ch. 37, par. 439.8(b).

Claimant alleged that on July 1, 1976, he entered into a contract with the State to render certain services in consideration for payment of the sum of $800.00 per month. A copy of the contract was attached to the complaint. The contract is dated July 1, 1976, and is on a form furnished by the State entitled "Services Contract." Under the contract, Claimant was to work in the southern part of the State to develop contracts with private vendors to repair State vehicles where a State garage is not in close proximity. The work was to be done in a good and workmanlike manner and Claimant was to receive $800.00 monthly. The term of the contract was for one year and contained various other terms and conditions set forth in paragaphs III through XIII.

Claimant alleged in his complaint that on February 16, 1977, Respondent breached the contract by failing to pay the amount due Claimant without just or legal cause within the terms of the contract. Claimant seeks compensation due him for the latter half of February and the months of March, April, May and June of 1977.

Respondent denied that it breached the contract and alleged that the contract was terminated because Claimant failed to perform the services specified in a good and workmanlike manner.

The record is barren of any evidence whatsoever

that the Claimant ever performed services as described in the contract. The record is silent as to the performance of any services whatsoever; the Court does not believe that the testimony of the Claimant with respect to purported services performed is credible. On the contrary, the Court is of the considered opinion that the testimony of the Claimant with respect to purported services performed for the State pursuant to this contract was in fact not credible.

Hence, this claim must be and is hereby denied.